UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WICKHAM,

    Plaintiff,

v

AHTNA PROFESSIONAL
SERVICES, INC.,

    Defendant.

## COMPLAINT

Plaintiff, ERIC WICKHAM, by and through his attorneys, TERESA J. GORMAN, PLLC and CROSON, TAUB & MICHAELS, P.L.L.C., for his Complaint states:

### JURISDICTION AND PARTIES

1. This suit is brought pursuant to the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("the ADA"), the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("the FMLA", and the Persons With Disabilities Civil Rights Act, MCL § 37.1201 *et seq.* ("the PDCRA").

2. This court has jurisdiction pursuant to 42 U.S.C. § 1331, and 28 U.S.C. §1367(a).

3. Plaintiff is a citizen of the United States and resides in Farmington, Michigan.

4. Defendant is a foreign corporation headquartered in Anchorage, Alaska doing business in the City of Detroit, Michigan.

5. Plaintiff was Defendant's employee within the meaning of the ADA, the FMLA, and the PDCRA.

6. Defendant meets all of the requirements for employer status under the ADA, the FMLA, and the PDCRA.

7. The events giving rise to this cause of action occurred in Detroit, Michigan in the Eastern District of Michigan. Accordingly, venue lies in the United States District Court for the Eastern District of Michigan under 28 USC §1391(b).

8. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

**GENERAL ALLEGATIONS**

9. Plaintiff incorporates by reference all preceding paragraphs.

10. Plaintiff is a 37 year old man who suffers from diabetes.

11. Plaintiff is disabled as that term is defined under the ADA and the PDCRA.

12. Defendant advertises that it is a company which "provides a full range of specialized security, investigation, intelligence, and consulting services for customers worldwide."

13. Plaintiff commenced employment as a full time Armed Security Guard in 2019 with Defendant's predecessor company.

14. On or about April 15, 2022, Plaintiff accepted Defendant's offer of employment as a full time Armed Security Guard II for the U.S. Coast Guard National Security Contract in Detroit, Michigan.

15. Plaintiff performed all of his job duties in an exemplary manner.

16. Plaintiff's job as an Armed Security Guard II requires perfect vision and an ability to accurately fire a weapon.

17. In April 2023, Plaintiff's diabetes caused a tractional retinal detachment in one of his eyes.

18. Defendant approved a 12 week medical leave beginning April 17, 2023.

19. Plaintiff underwent an eye surgical procedure that same day, April 17, 2023.

20. Plaintiff remained off work under doctor's orders.

21. On August 4, 2023, Plaintiff provided Defendant with a letter from his physician indicating that Plaintiff was still suffering from restricted / poor vision and was unable to return to work yet as an armed security guard.

22. Plaintiff requested an accommodation of an extension to his medical leave.

23. On September 15, 2023, Plaintiff provided Defendant with another writing from his physician stating that his vision was still limited and requesting that Plaintiff's medical leave continue until December 8, 2023 when it was anticipated that Plaintiff would be released to return to work.

24. Defendant denied Plaintiff's request for the accommodation of continued medical leave and terminated Plaintiff's employment on October 4, 2023.

25. On December 8, 2023, Plaintiff's physician released Plaintiff to return to work but he had no job to which to return.

## COUNT I
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

26. Plaintiff incorporates by reference all preceding paragraphs.

27. At all relevant times, Plaintiff was an individual with a disability within the meaning of the American With Disabilities Act, As Amended. Specifically, Plaintiff has physical or mental impairments, including, but not limited

to, diabetes, that substantially limits one or more of his major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

28. Defendant, by and through its employees, agents, and representatives, denied Plaintiff's request for reasonable accommodation of a medical leave.

29. Defendant, by and through its employees, agents, and representatives, failed to engage in the interactive process in good faith.

30. Defendant's decision, by and through its employees, agents, and representatives, to deny Plaintiff's requests for a reasonable accommodation of a medical leave due to his disabilities, constitutes discrimination against Plaintiff with respect to the terms, conditions, and/or privileges of employment in violation of the Americans With Disabilities Act, as amended.

31. During Plaintiff's employment, Defendant, by and through its employees, agents, representatives, treated Plaintiff differently from similarly situated non-disabled employees in the terms and conditions of employment because he is an individual with disabilities within the meaning of the American With Disabilities Act, as amended.

32. Defendant's decision, by and through its employees, agents, and representatives, to treat Plaintiff differently from similarly situated non-disabled employees because he has a record of impairment constitutes discrimination against

5

Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the American With Disabilities Act, as amended.

33. Defendant's decision, by and through its employees, agents, and representatives, to treat Plaintiff differently from similarly situated non-disabled employees because Defendant, by and through its employees, agents, and representatives, regarded Plaintiff as disabled constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the American With Disabilities Act, As Amended.

34. On October 4, 2023, Defendant, by and through its employees, agents, and representatives, terminated Plaintiff's employment.

35. Defendant's decision, by and through its employees, agents, and representatives, to terminate Plaintiff because, in whole or in part, he has a record of impairment constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the American With Disabilities Act, as amended.

36. Defendant's decision, by and through its employees, agents, and representatives, to terminate Plaintiff because, in whole or in part, they regarded Plaintiff as disabled constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the American With Disabilities Act, as amended.

37. The actions of Defendant and its agents, representatives, and employees were intentional in disregard to rights and sensibilities of Plaintiff.

38. As a direct and proximate result of Defendant's wrongful acts and omissions, by and through its employees, agents, and representatives, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

## COUNT II
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

39. Plaintiff incorporates by reference all preceding paragraphs.

40. At all relevant times, Plaintiff was an individual with disabilities within the meaning of the Persons With Disabilities Civil Rights Act. Specifically, Plaintiff has physical or mental impairments that substantially limit one or more of his major life activities, has a record of the impairments, and/or is regarded by Defendant as having the impairments.

41. During Plaintiff's employment, Defendant treated Plaintiff differently from similarly situated non-disabled employees in the terms and conditions of employment because he is an individual with a disability within the meaning of the Persons With Disabilities Civil Rights Act.

42. Defendant's decision to treat Plaintiff differently from similarly situated non-disabled employees because he has a record of impairments constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the Persons With Disabilities Civil Rights Act.

43. Defendant's decision to treat Plaintiff differently from similarly situated non-disabled employees because Defendant regarded Plaintiff as disabled constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the Persons With Disabilities Civil Rights Act.

44. On October 4, 2023, Defendant terminated Plaintiff's employment.

45. Defendant's decision to terminate Plaintiff because, in whole or in part, he has a record of impairments constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the Persons With Disabilities Civil Rights Act.

46. Defendant's decision to terminate Plaintiff because, in whole or in part, it regarded Plaintiff as disabled constitutes discrimination against Plaintiff in respect to the terms, conditions and/or privileges of employment in violation of the Persons With Disabilities Civil Rights Act.

47. The actions of Defendant were intentional in disregard to rights and sensibilities of Plaintiff.

48. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
**Retaliation**

49. Plaintiff incorporates by reference all preceding paragraphs.

50. Plaintiff was qualified for leave under the FMLA.

51. Defendant retaliated against Plaintiff for taking protected medical leave by terminating him.

52. Terminating Plaintiff for taking protected medical leave was retaliatory and a violation of the FMLA. 29 U.S.C. § 2615(a)(2).

53. Defendant's actions in terminating Plaintiff in retaliation for his FMLA leave were willful.

54. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

55. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff is entitled to back pay, liquidated damages in the amount of

back pay plus interest, reinstatement, front pay, back and front benefits, compensatory damages, pain and suffering and other emotional damages, punitive damages, interest, attorney's fees, costs, and all other such relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff ERIC WICKHAM prays that this Honorable Court grant the following remedies:

A. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and the Persons With Disabilities Civil Rights Act, MCL § 37.1201 *et seq*.

B. Award Plaintiff all lost wages and the value of fringe benefits, past and future, to which he is entitled;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff punitive damages;

E. Award Plaintiff exemplary damages;

F. Award Plaintiff liquidated damages.

G. Award Plaintiff reasonable attorney's fees, costs, and interest; and

H.      Award Plaintiff such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Teresa J. Gorman*
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
terigorman@aol.com

Charlotte Croson (P56589)
Croson, Taub & Michaels PLLC
Attorneys for Plaintiff
455 E. Eisenhower Parkway, Suite 75
Ann Arbor, MI  48108
Tel: (734) 519-0973
ccroson@ctmlawyers.com

## JURY DEMAND

Plaintiff demands a jury trial on all claims set forth above.

*/s/ Teresa J. Gorman*
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
terigorman@aol.com